# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| KELLI SPRUNGER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:10-CV-167-TLS |
| | ) |
| CHRISTY SHAFFER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

In this case, the mother of Alissa B. Guernsey, the estate of Alissa B. Guernsey, and the personal representative of the estate are suing Christy Shaffer and Matthew Shaffer, the foster parents who were entrusted with the care of Alissa; Ashley Westgate, the case worker responsible for supervising the placement of Alissa; Steuben County; and the Indiana Department of Child Services (DCS). In Counts II and III, they have sued Christy Shaffer for wrongful death under Indiana's child wrongful death statute (Ind. Code § 34-23-2) and Matthew Shaffer for negligently failing to protect Alissa from Christy Shaffer's actions and inactions.[1] In Count IV, they have sued Ashley Westgate for negligently failing to protect Alissa, to supervise the foster care parents, and to remove Alissa from the Shaffer home. In Count V, they have sued Steuben County and DCS under a theory of vicarious liability for the conduct of Ashley Westgate and for negligently failing to remove Alissa from the Shaffer home. In Count VI, they allege a claim against all of the Defendants under 42 U.S.C. § 1983 for the deprivation of Alissa's right to life.

---

[1] The Complaint does not allege any count enumerated as "Count I," and thus Count II is the first count in the Complaint. For the sake of clarity, the Court will retain the enumeration of counts indicated in the Complaint.

The Plaintiffs filed this case in the LaGrange Circuit Court, but Defendants Westgate and Steuben County removed the case pursuant to 28 U.S.C. §§ 1441 and 1446 based upon the federal question presented by the Plaintiffs' § 1983 claim.[2] Although the Petition for Removal does not specifically address this Court's subject-matter jurisdiction over the Plaintiffs' state law claims, it would be founded upon supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because the state law claims appear to be "so related to claims [within the original jurisdiction (i.e., the Plaintiffs' § 1983 claim)] that they form part of the same case or controversy."

On July 7, 2010, Defendants DCS and Westgate filed a Motion for Partial Dismissal [DE 14] seeking the dismissal of Counts IV and VI against Defendant Westgate and Counts V and VI against Defendant DCS. Defendant Westgate claims entitlement to immunity under state statutes, and Defendant DCS argues that it is not a "person" subject to suit under § 1983, that it is entitled to Eleventh Amendment immunity, and that the Plaintiffs failed to state a claim upon which relief may be granted in Counts IV, V, and VI (against Defendant DCS). Instead of filing a response brief to Defendant DCS and Defendant Westgate's Motion for Partial Dismissal, the Plaintiffs filed a Motion for Partial Dismissal [DE 24] pursuant to Federal Rule of Civil Procedure 41(a)(2) and a Motion to Remand [DE 25]. The Plaintiffs seek to dismiss Count VI (the § 1983 claim) apparently based upon counsel's review of *Lewis v. Anderson*, 308 F.3d 768 (7th Cir. 2002), and *K.H. v. Morgan*, 914 F.2d 846 (7th Cir. 1990). Because Count VI is the only count in the Complaint that presents a federal question and because there appears to be no basis for diversity jurisdiction, the Plaintiffs acknowledge that the dismissal of Count VI will yield the result that no claim will remain in this action that raises a federal question, and thus they ask the

---

[2] The Petition for Removal actually cites 28 U.S.C. § 1332(a), but the Court assumes this was a scrivener's error. The reference should have been to 28 U.S.C. § 1331.

Court to remand this case to the LaGrange Circuit Court. As of the date of this Opinion and Order, Defendants DCS and Westgate have filed no reply, and the Defendants have filed no response to the Plaintiffs' Motions. On August 26, the parties filed a Stipulation to Extend Time to File Initial Discovery Disclosures [DE 26], from which the Court infers that the Defendants do not oppose the Plaintiffs' Motions.

No Defendant has pleaded a counterclaim in this action, but the pending Motion for Partial Dismissal filed by Defendants DCS and Westgate seeks dismissal of the state law claims in Counts IV and V, in addition to the federal claim in Count VI. Considering the submissions of the parties and the applicable authority, the Court will grant the Plaintiffs' Motion for Partial Dismissal and dismiss Count VI of the Complaint pursuant to Rule 41(a)(2). As for the Plaintiffs' Motion to Remand, the supplemental jurisdiction statute provides that a district court "may decline to exercise" jurisdiction over supplemental state law claims if, among other things, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Considering that the Court is dismissing Count VI, which is the only claim over which it had original jurisdiction, that this case was only recently removed to this Court and is still in its early stages, and that none of the recognized exceptions apply, the Court will grant the Plaintiffs' Motion to Remand. *See Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) ("Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on their merits.") (quotation marks and citation omitted). The Court will not reach the issues raised by Defendants DCS and Westgate in their Motion for Partial Dismissal as to Counts IV and V.

For the foregoing reasons, the Court GRANTS the Plaintiffs' Motion for Partial

Dismissal [DE 24] and ORDERS that Count VI of the Complaint be DISMISSED pursuant to Federal Rule of Civil Procedure 41(a)(2). The Court also GRANTS the Plaintiffs' Motion to Remand [DE 25] and ORDERS the Clerk of this Court to REMAND this matter to the LaGrange Circuit Court, Indiana. The Court DENIES AS MOOT and WITHOUT PREJUDICE the Motion for Partial Dismissal [DE 14] filed by Defendants DCS and Westgate. Likewise, the Stipulation to Extend Time to File Initial Discovery Disclosures [DE 26] is also rendered MOOT and will be DENIED as such.

SO ORDERED on August 27, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT